# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Paducah Division**

| | |
|---|---|
| Jennifer Daugherty ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 5:14CV-35-R |
| ) | |
| Hillcrest Credit Agency ) | |
| *Assumed name for* ) | |
| Commonwealth Health Corp., Inc. ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Murry A. Raines ) | |
|     c/o English, Lucas, ) | |
|         Priest & Owsley ) | |
|     1101 College St ) | |
|     Bowling Green, KY 42101 ) | |
| ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"), in connection with a defaulted debt. Plaintiff seeks statutory damages.

    2.    Plaintiff Jennifer Daugherty has two daughters DM and TM. She took both of her daughters to the same dentist. The date of last service for TM was in June 2005. The last date of service for DM was in January 2012. Dental insurance did not pay for all the services as anticipated. As a result, Ms. Daugherty owed a balance due to the dentist for each daughter. Like many of her fellow citizens, the Great Recession that began in 2008 took a heavy economic toll on Ms. Daugherty and left unable to timely pay all of her bills, include the two dental bills for her daughters. The dentist eventually referred the bills to Defendant Hillcrest Credit Agency ("Hillcrest") for collection.

    3.    Ms. Daugherty contacted Hillcrest by phone about arranging payments. She specifically told the Hillcrest employee to whom she spoke that she wished only to pay DM's bill. This was purposeful because the TM debt should not be listed or reported on Ms. Daugherty's consumer credit reports. Part of Ms. Daugherty's motivation in paying off her past-due bills is to clean up her credit. Rather than providing her the amount due for just DM's bill, Hillcrest

improperly added TM's debt to DM's debt and/or added unspecified "fees" to DM's bill that neither the dentist nor Hillcrest had a legal right to collect.

4. These and other acts violate the FDCPA.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

6. Plaintiff Jennifer Daugherty is a natural person who resides in Crittenden County, KY. Ms. Daugherty is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3), and within the meaning of the FCRA, as defined at 15 U.S.C § 1681a(c).

7. Hillcrest Credit Agency is a third-party debt collector, whose principal office is located in Bowling Green, KY.

8. Hillcrest regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. Ms. Daugherty took her daughter TM to Randy Travis DMD for dental services.

10. December 27, 2005 was the last date of treatment for TM.

11. Ms. Daugherty made the last payment on TM's bill on January 21, 2008, leaving a balance due of $898.84 as of January 26, 2012.

12. Ms. Daugherty also took her daughter DM to Randy Travis DMD for dental services.

13. December 25, 2012 was the last date of treatment for DM.

14. Delta Dental Insurance Co. made a payment on DM's bill on November 21, 2011, leaving a balance due of $3,047.96 as of January 26, 2012.

15. Dr. Travis treated TM and DM for dental services, which constitute personal, family, or household purposes.

16. The debts to Dr. Travis for TM and DM are "debts" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

17. Hillcrest was assigned both TM and DM's accounts for collection in May 2013.

18. Ms. Daugherty contacted Hillcrest by phone in order to arrange payment of the outstanding balance due for DM's account.

19. In particular, Ms. Daugherty requested that Hillcrest send her an itemized statement for both accounts.

20. The Hillcrest employee, agent, or representative with whom Ms. Daugherty spoke refused to allow her to pay DM's account only and would not give her a breakdown for each account.

21. On July 22, 2013, Hillcrest sent Ms. Daugherty a dunning letter that purported to be an attempt to collect DM's balance due only. (A copy of Hillcrest's dunning letter is attached as an Exhibit)

22. Hillcrest's dunning letter falsely represented the amount due on DM's outstanding balance due as $3,758.74 in principal and $947.66 in fees for a total balance due of $4,706.40, which is $1,658.44 more than the demonstrable total balance due after the last date of treatment and payment.

23. Hillcrest's dunning letter does not explain the basis for the $947.66 in fees.

24. Upon information and belief, neither Hillcrest nor Dr. Travis had any legal right to add $947.66 in fees to DM's outstanding balance.

25. On February 5, 2014, Ms. Daugherty requested and reviewed her consumer credit report from Equifax Information Services LLC.

26. Hillcrest is furnishing negative information to Equifax concerning Ms. Daugherty and the debt or debts to Dr. Travis.

27. The information reported by Hillcrest states that, as of January 2014, the original balance was $2,893.00, the current balance owed was $3,941.00, and that September 2011 was the date of the first delinquency.

28. Upon information and belief, the information furnished by Hillcrest includes the debts for both TM and DM.

29. The information Hillcrest furnished to Equifax concerning Ms. Daugherty falsely represents the date of the first delinquency on Ms. Daugherty's debts to Dr. Travis by including the debt owed TM's account in the amount owed, and falsely represents the total amount owed on the debts.

### Claims for Relief: Violation of the Fair Debt Collection Practices Act

30. The foregoing acts and omissions of Hillcrest Credit Agency constitute violations of the FDCPA, including, but not limited to:

(a) Violation of 15 U.S.C. § 1692e(2)(A): Hillcrest falsely represented the character, amount, and/or legal status of the debt by, including but not limited to, (i) adding the debt concerning TM's account to the debt concerning DM's account, (ii) adding unauthorized fees to DM's debt, (iii) furnishing a false and inflated amount due on the debt concerning DM's account to one or more consumer reporting agencies, and (iv) reporting a false delinquency date on the debt concerning TM's account to one or more consumer reporting agencies;

(b) Violation of 15 U.S.C. § 1692e(5): Hillcrest threatened to "take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to, attempting to collect fees from Ms. Daugherty in connection with DM's account that it had no legal right to collect;

(c) Violation of 15 U.S.C. § 1692e(8): Hillcrest furnished a false and inflated amount due on the debt concerning DM's account to one or more consumer reporting agencies, and reported a false delinquency date on the debt concerning TM's account to one or more consumer reporting agencies. Hillcrest knew or should have known that this information was false;

(d) Violation of 15 U.S.C. § 1692f(1): Hillcrest attempted to collect fees from Ms. Daugherty in connection with DM's account that were neither authorized by contract nor permitted by law; and

(e) Violation of 15 U.S.C. § 1692(h): Hillcrest improperly and without authorization combined the debts owed on TM and DM's accounts, thereby denying Ms. Daugherty the right to direct to which debts her payments were to be paid.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Daugherty requests the Court grant her relief as follows:

a. Award Plaintiff actual damages;

b. Award Plaintiff statutory damages;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

*/s/ James H. Lawson*
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 402
(502) 473-6525
Email: james@kyclc.com